**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1090
_____

JENN-CHING LUO,
                              Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT; GEOFFREY BALL;
CATHY A. SKIDMORE; KERI KOLBAY; SHARON W. MONTANYE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-06354)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 21, 2024

Before: JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: October 22, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Jenn-Ching Luo appeals the District Court's orders dismissing the claims in his civil suit. For the reasons that follow, we will vacate the District Court's judgment in part, affirm in part, and remand for further proceedings.[1]

Luo is the parent of B.L., a special needs student in the Owen J. Roberts School District. In 2014, Luo filed an administrative due process complaint against the School District under the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1411, alleging that it failed to provide B.L. with a Free Appropriate Public Education (FAPE).[2] Luo maintained that, without parental consent, the School District revised B.L.'s Individualized Education Program (IEP) to deny him an agreed-upon placement in a residential program for the 2014-15 school year. Luo also alleged that certain procedural violations denied him meaningful participation in B.L.'s educational programming.

Following a hearing on the complaint in August 2014, Hearing Officer Cathy A. Skidmore ordered an independent educational evaluation (IEE) in order to determine B.L.'s needs regarding residential placement and to compensate his parents for procedural violations. Luo objected to the IEE in writing and advised of his intent to

---

[1] This is the second time this matter is before us; the first time we dismissed the appeal for lack of appellate jurisdiction. See Luo v. Owen J. Roberts Sch. Dist., No. 22-1632, 2023 WL 5600965, at *6 (3d Cir. Aug. 30, 2023) (per curiam). We repeat here some of the complicated procedural history set forth in that opinion.

[2] Although B.L.'s mother joined in the due process complaint and other administrative flings, we note only Luo's participation, as he is the only Plaintiff/Appellant.

2

appeal.  The School District nevertheless proceeded to obtain an IEE, which was conducted by Keri Kolbay, a school psychologist, based on B.L.'s educational records.  It then revised the IEP based on Kolbay's recommendations in the IEE, over the parents' objections.[3]

Luo filed a complaint in the District Court (Luo I) challenging the Hearing Officer's decision to order the IEE; that action was brought pursuant to 20 U.S.C. § 1415(i)(2), which provides the right to bring a cause of action in a district court to a party aggrieved by a hearing officer's decision under the IDEA.[4]  The complaint also alleged claims pursuant to 42 U.S.C. § 1983 for violations of his Fifth and Fourteenth Amendment due process rights.  Luo named as defendants the School District, Geoffrey Ball, a Special Education Supervisor with the School District, and Skidmore.  He later amended his complaint to add the School District's counsel, Sharon Montanye, and Kolbay.[5]

---

[3] Luo filed four additional administrative due process complaints, which were consolidated.  The Hearing Officer found in favor of Luo on all issues, concluding, inter alia, that the School District erred in procuring the IEE while the parents' appeal was pending, and violated the parents' procedural due process rights by releasing B.L.'s records to Kolbay without their consent.  See E.D. Pa. Civ. No. 2:15-cv-02952 (Luo II) ECF No. 15-1 at 19.  The School District filed a complaint in District Court seeking review pursuant to § 1415(i)(2).  See Luo II.

[4] Although the parties and the District Court refer to Luo's "appeal" of the hearing officer's decision, an IDEA action pursuant to § 1415(i)(2) "is an original civil action rather than an appeal."  Jonathan H. v. The Souderton Area Sch. Dist., 562 F.3d 527, 529 (3d Cir. 2009).  To distinguish it from Luo's "claims," we refer to it as the "§ 1415(i)(2) action."

[5] We disagree with the District Court's determination that Kolbay was improperly added as a defendant in the amended complaint.  Luo exercised his right to amend the complaint

3

In an order entered October 31, 2016, the District Court, adopting in part a Magistrate Judge's Report and Recommendation (R&R), dismissed with prejudice the claims against Skidmore and Montanye, and all Fifth Amendment and IDEA claims. The remaining "claims" against the School District were dismissed without prejudice to Luo's right to replead the claims in a second amended complaint. The District Court denied, in part, Ball's motion to dismiss, and denied Kolbay's motion to dismiss, both without prejudice to their right to raise the same defenses in a motion to dismiss a second amended complaint.[6]

This matter was stalled in the District Court for more than four years, in part because it was stayed pending the appeal in Luo III. Then, in May 2021, the District

---

once as a matter of course within 21 days after the motion to dismiss was served. See Fed. R. Civ. P. 15(a)(1)(B); see also In re Orion HealthCorp, Ins., 95 F.4th 98, 102 (2nd Cir. 2024) (observing that amendment of the complaint to add parties is governed by Rule 15 rather than Rule 21). We address below the alternative bases for dismissal discussed by the District Court. See generally Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 333 n.8 (3d Cir. 2000) (noting that we may affirm on grounds different than those relied upon by the district court).

[6] In that same order, the District Court addressed Luo II and a related action filed by Luo at E.D. Pa Civ. No. 2:15-cv-04248 (Luo III). Regarding Luo III, the District Court dismissed certain claims with prejudice; the remaining claims, which it determined were substantially identical to claims raised in Luo I, were dismissed without prejudice to Luo presenting those claims, and "all claims not dismissed with prejudice" in Luo I, in a "second amended consolidated complaint" to be filed in Luo I. ECF No. 48 at 3-4. Rather than file an amended complaint, Luo appealed the dismissal order as to Luo III. As relevant here, we affirmed the District Court's order to the extent it dismissed the claims without prejudice in Luo III, noting that the "effective consolidation of the two complaints was purely for administrative efficiency and had no effect on Luo's ability to proceed with these causes of action." Luo v. Owen J. Roberts Sch. Dist., 737 F. App'x 111, 115 (3d Cir. 2018) (per curiam).

Court consolidated, for administrative purposes only, <u>Luo I</u>, <u>Luo II</u>, and several other actions filed by Luo related to B.L.'s education services.  In March 2022, the District Court entered an order which, inter alia, purported to dismiss with prejudice "all of plaintiff's claims" in <u>Luo I</u>.  ECF No. 107.  Luo appealed.  We dismissed the appeal for lack of jurisdiction after determining that the District Court did not address the § 1415(i)(2) action or the § 1983 claims against Ball.  <u>See</u> <u>Luo</u>, 2023 WL 5600965, at *3-4.

On remand, Luo filed a "motion for entry default" in <u>Luo I</u>.  In an order entered October 30, 2023, the District Court denied the motion, dismissed with prejudice "all claims against [the School District]," and provided Ball 20 days to file a renewed motion to dismiss the § 1983 claims against him.  ECF No. 122 at 1-2.  Luo filed a motion for reconsideration arguing that the District Court failed to address his § 1415(i)(2) action, and erred in denying his motion for default.  The District Court denied the motion for reconsideration, and granted Ball's renewed motion to dismiss the remaining claims against him.  This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review for abuse of discretion the District Court's decision to deny the motion for default judgment.  <u>See</u> <u>Jorden v. Nat'l Guard Bureau</u>, 877 F.2d 245, 250-51 (3d Cir. 1989).  We review de novo its dismissal of Luo's claims under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Castleberry v. STI Grp.</u>, 863 F.3d 259, 262-63 (3d Cir. 2017).  To survive a motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face."  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).  We

construe Luo's pro se pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Luo sets forth six main points for review; the crux of his arguments in Points 1-3, and part of Point 6, is that defendants Ball and Kolbay's motions to dismiss were "void," and that he was entitled to default judgment against Ball, Kolbay, and the School District. We disagree.  A default judgment is warranted where a party "failed to plead or otherwise defend" the claims against him or her.  Fed. R. Civ. P. 55(a).  Luo maintains that the deadline for the defendants to answer the complaint expired on December 12, 2016,[7] and that, therefore, the defendants' motions to dismiss, filed "five-plus years late[r]," should be stricken, and default judgment should be entered against them.  Appellant's Br. at 26-31.  But at that time, it appeared that his remaining claims were going to be dismissed based on his failure to amend the complaint, and the case was stayed three weeks later, on January 4, 2017.  Moreover, Luo's arguments ignore the complicated procedural history of this case.[8]  After the stay was lifted in 2020, the defendants reasonably relied on the

_____

[7] Luo asserts that he chose to stand on his complaint, rather than file "a second amended consolidated complaint," in response to the District Court's October 31, 2016 order.  He claims that, after the District Court denied his motion for reconsideration of that order on November 28, 2016, the defendants had 14 days to answer the remaining claims.

[8] After this Court's mandate issued in the appeal in Luo III, in July 2018, Luo immediately filed motions for default judgment.  In November 2020, he filed a motion to lift the stay.  In an order entered February 9, 2021, the District Court lifted the stay, and directed Luo "to consolidate his claims as per [the November 29, 2016 order] by filing a second amended consolidated complaint in [Luo I] *so that litigation can proceed*."  ECF No. 74 (emphasis added).  Luo filed a timely motion for reconsideration, which sought clarification as to whether he was required to replead his claims in Luo I, Luo IV, and Luo V in one amended consolidated complaint case, and, if so, arguing that it was improper, and asserting that he would stand on his initial complaint.  See ECF No. 75 at

6

District Court's orders directing Luo to file a second amended consolidated complaint before responding to the outstanding claims. The defendants renewed their motions to dismiss within weeks of the District Court's consolidation order, while Luo's motion for reconsideration of that order was pending. See ECF Nos. 83, 88, 91 & 95; see also Fed R. Civ. P. 12(a)(1). Under the circumstances, the District Court did not abuse its discretion in deeming the motions to dismiss as timely filed, allowing the defendants to file renewed motions to dismiss, and determining that there was no basis for default judgment against any defendant. See generally In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (noting that "matters of docket control . . . are committed to the sound discretion of the district court"); Talley v. Clark, 111 F.4th 255 262 n.2 (3d Cir. 2024). We also note that Luo had the opportunity to respond to the motions to dismiss.

In Point 4, Luo argues that the District Court erred in dismissing his claim that Skidmore violated his due process right to informed consent by ordering an IEE as part of her Hearing Officer Decision. We agree with the District Court that Skidmore is entitled to absolute immunity because she was acting in a quasi-judicial capacity in ordering the IEE. See Dotzel v. Ashbridge, 438 F.3d 320, 325 (3d Cir. 2006) (recognizing that a public official whose "role is functionally comparable to that of a judge" enjoys absolute immunity from suit (quotation marks omitted)); Cleavinger v. Saxner, 474 U.S. 193, 200

---

2. In May 2021, the District Court denied that motion and consolidated the matters for administrative purposes only, obviating the need for an amended complaint. See ECF No. 83. Luo sought reconsideration, which was denied, and then an appeal. We dismissed the appeal for lack of jurisdiction. See C.A. No. 21-2569, 09/07/22 Order (dismissing appeal for lack of jurisdiction).

7

(1985) (recognizing that hearing officers and administrative law judges "who perform functions closely associated with the judicial process" are entitled to absolute immunity).

Skidmore had authority over the proceedings pursuant to 34 C.F.R. § 300.511. She ordered the School District to provide an IEE after determining that the evidence was "simply insufficient to establish whether a residential placement" was necessary for B.L. and that a new evaluation was "essential so that the team has a comprehensive understanding of [B.L.'s] current strengths and needs." ECF No. 21-3 at 14, 16. Luo argued that Skidmore did not have authority to sua sponte order the IEE under 34 C.F.R. § 300.502(d).[9] However, Skidmore also had determined that the School District was liable for "specific procedural violations that operated as a denial of [a] FAPE" and she ordered the IEE "in an exercise of the hearing officer's broad discretion to fashion an appropriate remedy under the IDEA." ECF No. 21-3 at 15-16 (citing Forest Gove v. T.A., 557 U.S. 230, 240 n.11 (2009)). Because she acted within the scope of her jurisdiction in ordering the IEE as a remedy, she is entitled to immunity from the claim. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (recognizing that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction" (quotation marks omitted)).

---

[9] Section 300.502(d) provides: "Request for evaluations by hearing officers. If a hearing officer requests an independent educational evaluation as part of a hearing on a due process complaint, the cost of the evaluation must be at public expense."

Next, Luo challenges the dismissal of his § 1983 claims against the School District for failing to allege that it acted pursuant to any policy or custom (Point 5). To the extent that his claims were based on a theory of respondeat superior, we agree that Luo failed to state a claim for relief. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (recognizing that municipalities or officials may not be liable under § 1983 based on respondeat superior; liability may be imposed only if the constitutional violation results from the "government's policy or custom"); Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 144 n.1 (3d Cir. 2002). In any event, Luo failed to state a viable § 1983 claim against any of the defendants, and leave to amend would be futile.

First, Luo claimed that the various defendants violated his "liberty right" with regard to parent training, "the 4010 application," and the student evaluation (Claims 1-3, 5 & 7). The bulk of his allegations are related to B.L.'s education and assessment for services under the IDEA; as such, any perceived violation of Luo's rights cannot be remedied under § 1983. See A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 802-03 (3d Cir. 2007) (en banc) (recognizing that litigants cannot use § 1983 to remedy statutory violations of the IDEA).

Next, when construed liberally, claims 5, 7, and 8 alleged, in part, that defendants violated Luo's due process rights and right to privacy by releasing B.L.'s academic records to Kolbay to conduct an evaluation. But the regulations do not require parental consent to review existing data as part of an evaluation. See 34 C.F.R. § 300.300(d)(1)(i). Therefore, the action of releasing the records is insufficient to "shock

9

the conscience," which is required to state a viable substantive due process claim. See

Vargas v. City of Philadelphia, 783 F.3d 962, 973 (3d Cir. 2015).

Luo's remaining § 1983 claims alleged, in part, that defendants violated his due process rights by implementing HO Skidmore's decision to conduct an IEE while his "appeal" from the administrative hearing was pending. (Claims 6-8). He argued that Skidmore's decision is "not final" and acts as "an automatic stay." ECF No. 5 at 22-26. These allegations are insufficient to sustain a procedural due process claim. See In re Energy Future Holdings Corp., 949 F.3d 806, 822 (3d Cir. 2020) (recognizing that a procedural due process claim will lie where alleged conduct deprived the plaintiff of an individual interest "encompassed within the Fourteenth Amendment's protection of life, liberty, or property," and the available procedures did not provide due process of law (quotation marks omitted)). A hearing officer's decision "shall be final," although the statute provides for federal review of the decision. 20 U.S.C. § 1415(i)(1)(A), (i)(2). And as noted *supra*, a § 1415(i)(2) action is not an "appeal." As we recently explained in rejecting a similar claim in another of Luo's cases, with one exception not relevant here, see 34 C.F.R. § 300.518; 20 U.S.C. § 1415(j) (setting forth the "stay-put" provision), the IDEA does not provide protections against implementation of a hearing officer's decision while a § 1415(i)(2) action is pending. See Luo v. Owen J. Roberts Sch. Dist., No. 24-1030, 2024 WL 4199008, at *3 (3d Cir. Sept. 16, 2024) (per curiam). We again observe that Luo could have sought to stay the hearing officer's decision.

Turning to Luo's final argument, we agree that the District Court failed to properly address his § 1415(i)(2) action, which sought review of Skidmore's decision. See ECF

10

No. 46 at 21-27 (Point 6); see also ECF No. 5 at 3, 11-18 (asserting the § 1415 allegations separate from the eight "claims"). The District Court referred to it as the "IDEA claim" against the School District, erroneously determined that it was dismissed without prejudice in its October 31, 2016 order, and dismissed it with prejudice for failing to amend and include it in a second amended consolidated complaint. See ECF No. 121 at 4-5.

However, as we observed the last time this matter was before us, the District Court did not address the § 1415 action in the October 2016 order. See Luo, 2023 WL 5600965, at *3 (noting that District defendants stated that the § 1415(i)(2) was "the only cognizable claim"); see also Luo, 2024 WL 4199008, at *4 (vacating in part and remanding for consideration of an overlooked § 1415(i)(2) action). Luo invoked § 1415(i)(2), and the District Court was required to "receive the records of the administrative proceedings," "hear additional evidence at the request of a party," and, "basing its decision on the preponderance of the evidence," grant any appropriate relief. 20 U.S.C. § 1415(i)(2)(C). The District Court therefore erroneously dismissed the claim.[10]

---

[10] The District defendants contend that, because B.L. has aged out of his right to a FAPE, the § 1415(i)(2) action is necessarily moot. See Appellees Ball and Sch. Dist.'s Br. at 14 n.9. However, that does not account for the possibility that Luo may be otherwise compensated should he prevail under the IDEA statute. See Ferren C. v. Sch. Dist. of Phila., 612 F.3d 712, 718 (3d Cir. 2010) (holding that "an individual over [21] is still eligible for compensatory education for a school district's failure to provide a FAPE prior to the student turning [21]"). We take no position on the merits of that issue and instead will leave it to the District Court to consider in the first instance. See generally Forestal Guarani S.A. v. Daros Int'l., Inc., 613 F.3d 395, 401 (3d Cir. 2010) ("We ordinarily decline to consider issues not decided by a district court, choosing instead to allow that

11

Based on the foregoing, we will vacate the District Court's judgment to the extent it dismissed the § 1415(i)(2) action, and remand for further proceedings. We will otherwise affirm.

---

court to consider them in the first instance.").