CLD-006                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1437
_____

GREGORY DEVON OBEY,
                                        Appellant

v.

UNIT MANAGER COLLEY; OFFICER DONOGHUE;
FCI MCKEAN HEALTH SERVICE WORKER ON SHIFT
DURING THE DAY OF THE INCIDENT;
J. WALKER; LT. BLANKENSHIP

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Action No. 1-22-cv-00194)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted on Appellees' Motion for Summary Action Pursuant to Third Circuit LAR
27.4 and I.O.P. 10.6., or for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B).
October 10, 2024

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: October 28, 2024)

_____

OPINION[*]
_____

PER CURIAM

Appellant Gregory Obey, a federal prisoner proceeding pro se and in forma pauperis, appeals from the District Court's orders granting Appellees' motion for summary judgment and dismissing his claims against the remaining defendants. Appellees filed a motion for summary affirmance of the District Court's order. For the following reasons, we grant Appellees' motion for summary affirmance and will affirm the decision of the District Court as to all defendants.

## I.

Obey is a federal prisoner housed at Federal Correctional Institution ("FCI") McKean under the custody of the Federal Bureau of Prisons ("BOP"). Obey filed a pro se complaint against Unit Manager Colley, Lt. Blankenship, Officer Donoghue, J. Walker, and unknown "FCI McKean Health Service Worker on Shift During the Day of Incident" for failure to provide appropriate medical care. Appellees[1] moved to dismiss the complaint for failure to state a claim and, alternatively, for summary judgment based

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] "Appellees" here and throughout this opinion refers to the only defendants served below and who are party to the current appeal, Lt. Blankenship, Officer Donoghue, and J. Walker.

2

on Obey's failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

A Magistrate Judge recommended granting Appellees' motion for summary judgment. In September 2023, the District Court adopted the Magistrate Judge's report over Obey's objections and granted Appellees' motion for summary judgment. The District Court remanded the matter for the Magistrate Judge to consider whether summary judgment should be entered for the remaining defendants. The Magistrate Judge recommended the District Court dismiss Obey's claims against the remaining defendants based on his failure to exhaust administrative remedies. In January 2024, the District Court adopted the second report over Obey's objections and dismissed the claims with prejudice. This timely appeal ensued.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's orders granting summary judgment and dismissing the remaining claims for failure to exhaust administrative remedies. See Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017); Jenkins v. Morton, 148 F.3d 257, 259 (3d Cir. 1998). Summary judgment is proper when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party "must show where in the record

3

there exists a genuine dispute over a material fact." Doe v. Abington Friends Sch.,
480 F.3d 252, 256 (3d Cir. 2007).

The District Court correctly entered summary judgment for Appellees because
there is no genuine dispute that Obey failed to exhaust administrative remedies as
required prior to filing his complaint. Under the PLRA, prisoners must exhaust all
available administrative remedies before filing prison conditions claims in federal court.
See Downey v. Penn. Dep't of Corr., 968 F.3d 299, 304-05 (3d Cir. 2020). "A prisoner
need not exhaust remedies if they are not 'available.'" Ross v. Blake, 578 U.S. 632, 635
(2016) (citing 42 U.S.C. § 1997e(a)); see also Rinaldi v. United States, 904 F.3d 257,
266-67 (3d Cir. 2018).

Here, Appellees submitted authenticated BOP records showing Obey had last filed
an Administrative Remedy Request in 2019, well before the May 2022 incident. Obey
had several opportunities to either refute the BOP's records or to demonstrate that the
BOP's grievance procedures were unavailable to him in a timely manner. Obey instead
conceded in his objections that "the Government is correct that Mr. Obey has failed to
attempt 'Internal Remedy' as applicable under the PLRA." Obey then argued that any
attempt on his part would have been futile. However, § 1997e(a) "completely precludes a
futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d
65, 71 (3d Cir. 2000).

4

Obey further argues that this Court should not affirm the orders because he has now exhausted the administrative remedies, having started the process after Appellees raised the issue. This argument does not help Obey. "Proper" exhaustion under the PLRA requires inmates to comply with "administrative regulations governing inmate grievances," including all applicable deadlines. Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). Here, Obey needed to comply with the BOP's grievance procedures, 28 C.F.R. §§ 542.10-542.19, which require the formal grievance process to begin within "20 calendar days" of the grieved incident. See 28 C.F.R. § 542.14. As Obey did not begin the process until nine months had passed, his delayed exhaustion of remedies is not "proper" under the PLRA and cannot support his complaint. In any event, the PLRA "mandates exhaustion of all available administrative remedies before bringing a lawsuit." Downey, 968 F.3d at 304 (emphasis added).

The District Court also correctly dismissed Obey's claims against the remaining defendants. First, in objecting to the Magistrate Judge's second report, Obey made a generalized argument that the BOP routinely denied inmates proper access to grievance procedures. The District Court properly determined that argument did not sufficiently demonstrate the procedures were not available to Obey personally. Indeed, Obey does not allege he attempted to initiate the process until well after he filed his complaint.

Second, although defendants did not appear in the District Court and so never asserted the affirmative defense of failure to exhaust administrative remedies, the District

5

Court addressed the exhaustion issue in the context of the record as a whole.  See Talley v. Clark, 111 F.4th 255, 265 (3d Cir. 2024); Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002) (noting sua sponte dismissal was improper because plaintiff's "failure to exhaust was not apparent from the complaint or other documents before the District Court"). Obey was notified that his failure to exhaust remedies affected his claims as to all defendants, yet he conceded that he did not attempt the grievance process before commencing his suit.  Since Obey's failure to exhaust is apparent from the District Court record, "remand as to [the remaining defendants] would be an idle exercise."  Talley, 111 F.4th at 265.

For these reasons, we grant the Appellees' motion for summary action, and we will affirm the District Court's judgment.